UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN A. MAY, Personal Representative of the
Estate of Jesus Winston Gillard, Deceased,

   Plaintiff,

                Case No. 11-14453

v.

Township of Bloomfield, et al.,

   Defendants.
                   /

**OPINION AND ORDER DISMISSING PLAINTIFFS' STATE-LAW CLAIMS**

Before the court is Plaintiff's complaint, filed on October 11, 2011, which alleges the following counts:

- Count I, "42 USC 1983 constitutional deprivations";

- Count II, "Gross Negligence, Intentional, Willful, Reckless, and Wanton Misconduct on the Part of All Defendants Pursuant to MCL 691.1407"; and

- Count III, "Intentional Aggravated Assault and Battery," under Michigan law.

As a preliminary matter, the court has original jurisdiction over Plaintiff's claims invoking 42 U.S.C. § 1983. 28 U.S.C. § 1331. Because Plaintiff's state law claims arise out of the same incident and share a common nucleus of operative fact, the court could exercise its supplemental jurisdiction over the state law claims. The law has long held, however, that a court may decline to exercise supplemental jurisdiction if "it appears that the state issues substantially predominate," or if "the likelihood of jury confusion" would be strong without separation of the claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1968); *see* 28 U.S.C. § 1367.

Plaintiff's state law claims do not have original jurisdiction in federal court. The inclusion of Plaintiff's state claims with Plaintiff's federal claims for infringement of his constitutional rights under 42 U.S.C. § 1983 could lead to jury confusion, judicial inefficiency, inconvenience to the parties, and an unfair outcome. Additionally, these claims would predominate over Plaintiff's § 1983 federal claims. Pursuant to 28 U.S.C. § 1367(c)(2) & (4), the court will exercise its discretion to decline supplemental jurisdiction over Plaintiff's state law claims. Having carefully reviewed the complaint, the court concludes that adjudicating the state law claims under supplemental jurisdiction is not in the interest of judicial economy, convenience, fairness, and comity. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also* H.R. Rep. No. 101-734, at 29 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875 (indicating that, under *Gibbs* and "current law, subsection (c) requires the district court, in exercising its discretion, to undertake a case-specific analysis.").

Litigation in federal court that mixes federal law claims with supplemental state law claims can cause procedural and substantive problems; in the interests of judicial economy and convenience, these problems should be avoided. Even where the federal and state claims arise out of the same factual background, the simultaneous litigation of such claims may prolong pre-trial practice, complicate the trial, lengthen and make more complex the jury instructions leading to potential confusion of the jury, result in inconsistent verdicts, and cause post-trial problems with respect to judgment interest and the availability of prevailing party attorney fees. The apparent judicial economy and

convenience to the parties of a court exercising supplemental jurisdiction over state claims may be substantially offset by problems simultaneously created.

The court finds that the circumstances present in this case create a likelihood of jury confusion, judicial inefficiency, substantial inconvenience to the parties, and potential unfairness in outcome. Although some duplication of effort may be required if Plaintiff decides to pursue all claims, any advantages to be gained by trying all claims together are outweighed by the potential for confusion of the issues, legal theories, and defenses. The court will not exercise supplemental jurisdiction and will dismiss without prejudice all state law claims. Accordingly,

IT IS ORDERED that all of Plaintiffs' state-law claims including, without limitation, claims of gross negligence (Count II), intentional, willful, reckless and wanton misconduct (Count II), and intentional aggravated assault and battery (Count III), are hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that only Plaintiffs' claim arising under 42 U.S.C. § 1983 (Count I) now remains before this court.

                                     s/Robert H. Cleland
                                     ROBERT H. CLELAND
                                     UNITED STATES DISTRICT JUDGE

Dated: November 16, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 16, 2011, by electronic and/or ordinary mail.

                                     s/Lisa Wagner
                                     Case Manager and Deputy Clerk
                                     (313) 234-5522